FILED
United States Court of Appeals
Tenth Circuit

August 4, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CLAUDIA E. BURTON, III,

        Petitioner-Appellant,

v.

ARISTEDES ZAVARAS, Executive
Director C.D.O.C. and the
ATTORNEY GENERAL OF
COLORADO,

        Respondents-Appellees.

No. 09-1094

District of Colorado

(D.C. No. 1:08-CV-02179-ZLW)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **MURPHY** and **McCONNELL**, Circuit Judges.

Claudia E. Burton, a state prisoner proceeding *pro se*, seeks a certificate of

appealability (COA) that would allow her to appeal from the district court's order

denying her habeas corpus petition under 28 U.S.C. § 2254. *See* 28 U.S.C. §

2253(c)(1)(A). Because we conclude that Ms. Burton has failed to make "a

substantial showing of the denial of a constitutional right," we deny her request

for a COA, and dismiss the appeal. 28 U.S.C. § 2253(c)(2).

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

## Background

Ms. Burton pled guilty to sexual assault on a child and was sentenced to eight years' to life imprisonment in the Colorado Department of Corrections. Though she did not file a direct appeal, she has filed multiple state post-conviction motions. She filed a federal petition for habeas relief on October 8, 2008, raising two claims for relief: a claim of ineffective assistance of counsel with respect to her plea agreement, and a Fifth Amendment self-incrimination claim. The district court held that both claims were procedurally barred. Dist. Ct. Or. 6. Ms. Burton now seeks a COA.

## Discussion

The denial of a motion for relief under 28 U.S.C. § 2254 may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Generally, we will not address issues raised for the first time on appeal, see *United States v. Mora*, 293 F.3d 1213, 1216 (10th Cir. 2002), nor will we review claims if they "were defaulted in state court on

-2-

independent and adequate state procedural grounds unless . . . [the petitioner] has demonstrated cause and prejudice or a fundamental miscarriage of justice." *See Smith v. Mullin*, 379 F.3d 919, 925 (10th Cir. 2004).

Ms. Burton's application for a COA presents two claims not raised in the district court: the district court's denial of her Sixth Amendment right to a jury trial, and its denial of her due process rights. To the extent Ms. Burton is raising new claims on appeal, we are unable to address her arguments. *Mora*, 293 F.3d at 1216. We recognize, however, that we must construe liberally Ms. Burton's application as she is not represented by an attorney, *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), and also that the claims she raises now are at least tangentially related to her ineffective assistance claim raised below. Her claims all involve an allegation that her plea was not knowing and voluntary, and her due process claim appears to be an explanation of why these claims are not procedurally barred. Thus, we will address her claims to the extent that they are extensions of the ineffective assistance claim made below.

We hold that the district court properly deemed the ineffective assistance claim procedurally barred. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist would not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484. Here, Ms. Burton failed to raise her ineffective assistance claim in her first round

of state post-conviction proceedings, thus requiring the Colorado Court of Appeals to dismiss the claim as procedurally barred under Colo. R. Crim. P. 35(c)(3)(VII) when she raised it in her second round of proceedings. R. at 135. This is a correct application of a plain procedural bar. Thus, Ms. Burton has not made a substantial showing of the denial of a constitutional right.

## Conclusion

Accordingly, we **DENY** Ms. Burton's request for a COA and **DISMISS** this appeal.

As Ms. Burton has failed to present any non-frivolous arguments in her appeal, her Motion to Proceed *in forma pauperis* is **DENIED** pursuant to 28 U.S.C. 1915(a)(3).

Entered for the Court,

Michael W. McConnell
Circuit Judge